## JENNINGS v. INGLE.

[No. 5,185. Filed March 28, 1905.]

1. NEW TRIAL.—*Verdict Contrary to Evidence.*—"That the verdict of the jury is contrary to the evidence" is no cause for a new trial. p. 155.

2. SAME.—*Verdict Contrary to Law and Evidence.*—"That the verdict is contrary to the law and evidence" is no cause for a new trial. p. 155.

3. SAME.—*Verdict Contrary to Law.*—A verdict improperly affected by errors of law occurring on the trial, or a verdict founded upon insufficient evidence, is "contrary to law." p. 155.

4. MASTER AND SERVANT.—*Obvious Dangers.—Assumption of Risk.*— The servant assumes the risk of all defects open to ordinary, careful observation. p. 156.

5. SAME.—*Assumption of Risk.—Contract.*—The assumption of the risk of obvious dangers is a part of the ordinary contract of service. p. 157.

6. SAME.—*Rule of "Safe Place."—Exception.*—The rule of "safe place" does not apply in favor of a servant engaged in making a dangerous place safe. p. 157.

7. SAME.—*Coal Mines.—Making Miner's Room Safe.*—The owners of a coal mine are not liable to a "jerryman," employed to clean up and make safe the rooms of the miners, and who was injured while taking down props and pulling down slate from the ceiling of a room, such "jerryman" knowing at the time of the dangerous conditions in such room. p. 159.

8. TRIAL.—*Peremptory Instruction.—When Proper.*—Where the evidence wholly fails to establish the plaintiff's cause of action, it is the duty of the trial judge to direct a verdict for defendant. p. 159.

From Vanderburgh Circuit Court; *Louis O. Rasch,* Judge.

Action by William Jennings against David Ingle. From a judgment for defendant, plaintiff appeals. . *Affirmed.*

*Frank B. Posey, William C. Mason* and *W. E. Cox,* for appellant.

*Charles L. Wedding,* for appellee.

WILEY, J.—Appellant was employed as a "jerryman" to work in appellee's coal mine. Under the terms of his employment he was required to gather up and remove fallen slate from the floor of the mining room, and also to take down and remove loose and hanging slate from the roof of the mine, for the purpose of making safe the place in which the miners work. While engaged in the line of his duty, a heavy piece of slate fell upon him, causing him serious injury. He brought this action to recover damages for the injury thus sustained, and based his right to recovery upon certain acts of negligence on the part of the appellee. Two acts of negligence are charged: (1) That appellee failed to furnish and keep on hand a sufficient amount of props with which to secure the roof of the mine from falling; and (2) that a day or two before the mining boss had examined the room in which appellant was injured, and found it unsafe, and did not warn him of its condition. It was the duty of appellant to go to any of the mining rooms upon the call or request of a miner, to perform the duties required of him. In this case one of the miners informed him on Saturday afternoon or evening that this particular room in which he was injured was in bad condition; that slate had fallen to the floor, and ought to be removed; that certain places in the roof had become loose and dangerous; and that the slate should be taken down and removed, so that the miner working in that room could perform his duty safely. The following Monday morning appellant went to this particular room to perform the duty required of him. In taking down and removing some hanging slate from the roof, and to enable him to get

it down, he knocked down a prop, and immediately there-after the slate fell upon him, and he was injured. After the conclusion of the evidence introduced on behalf of the appellant, appellee moved that the court instruct the jury to return a verdict for him. This motion the court sustained, and gave a peremptory instruction, directing the jury to find for the appellee, which was done. Appellant's motion for a new trial was overruled.

Appellant assigned five reasons for a new trial: (1) That the verdict of the jury is contrary to the evidence; (2) that the verdict is contrary to law; (3) that the verdict is contrary to the law and evidence; (4) and (5) that the court erred in giving the peremptory instruction to find for the appellee.

1.　The first reason assigned for a new trial is not known to the statute, and therefore does not present any question. *Louisville, etc., R. Co.* v. *Renicker* (1893), 8 Ind. App. 404.

2.　Also the third reason assigned is not recognized by the statute, and hence is not a reason for a new trial.

3.　This leaves for our consideration the second, fourth and fifth reasons for a new trial, and they may be considered together, for it is the rule that a verdict improperly affected by errors of law occurring at the trial is contrary to law, and, also, that a verdict founded upon insufficient evidence is error of law, and therefore contrary to law. *Robinson Machine Works* v. *Chandler* (1877), 56 Ind. 575; *Deal* v. *State* (1895), 140 Ind. 354; *Robbins* v. *Spencer* (1895), 140 Ind. 483. It does not appear from the record whether the instruction given by the court was an oral or written instruction, and it is a question of grave doubt whether the instruction is in the record; but we will treat it as in, and give appellant the benefit of the error in giving it, if we find that it was erroneous.

The facts upon which the decision must rest are without conflict. As stated in a former part of this opinion, the

appellant was a "jerryman" in the employ of appellee, who was the owner and operator of a coal mine. In his own language, his duties required him "to clean up loose slate, and take the loose slate that was hanging, ready to fall, take it down." Again he testified: "If there was any fallen slate it was the duty of the jerryman, the best I knew how, to clean it up and clear from the miners' way, and, if there was any hanging loose on the props, to remove the props and clear it back."

4. From the evidence of appellant, the following material facts are established: When he went into the mining room where he was injured he discovered a pile of slate lying on the right side of the room, and some hanging slate at the left. This slate that was hanging from the roof was about seven feet from the face of the coal. He sounded the roof by the use of a wedge, cleaned up the slate that had fallen, and went to take down the props, so as to remove the hanging slate. He was informed by one of the miners on Saturday, after work had ceased, that this slate ought to be removed. This miner told him that the room was too bad for him (the miner) to work in, and that it "needed cleaning up awful bad."

The object of sounding the roof was to determine whether the slate ought to come down, and to see if it was in a safe condition. After sounding it, appellant decided that it was all right, and he could take it down. Where he went to take down loose slate from the roof, the roof had been propped, and he first took down one prop, and then the second. He testified that if he had not taken down the props he could not have removed the loose slate from the roof. In the room where he was working there were probably 100 props. Appellant testified that at the place where he was working no additional props were needed, and if they had been needed they were at hand for his use. Other witnesses were called and testified concerning the unsafe condition of this mining room, but, as their

evidence does not in anywise conflict with that of appellant, but, on the contrary, supports his evidence, we do not deem it necessary to set it out or consider it. The evidence further shows that it was the duty of appellant, whenever he received knowledge or information from any source that any room where miners were required to work needed cleaning up, to proceed at once to perform that duty.

Appellant was informed that the room where he was injured was in a dangerous and unsafe condition, and his duties required him to clean it up and make it safe. As a legal proposition, it matters not whether that information was conveyed to him by the mine boss, or one of the miners. He alleges in his complaint that whenever he received information from any source that a mining room needed, "clearing up," his duties required him to proceed at once to perform the service enjoined by his employment. He received his information from one of the miners, and he was therefore advised, in advance, that he was going into a place of danger. He had had experience in the work he was engaged to perform, and when he reached the mining room its condition was as apparent to him as it was to the mine boss. It is the rule that defects or perils, such as are open to ordinary, careful observation, are regarded by the law as perils incident to the service, and the dangers incident thereto are assumed by the servant. *Wabash, etc., R. Co.* v. *Morgan* (1892), 132 Ind. 430; *Rogers* v. *Leyden* (1891), 127 Ind. 50; *Louisville, etc., R. Co.* v. *Sandford* (1889), 117 Ind. 265; *Indianapolis, etc., R. Co.* v. *Watson* (1888), 114 Ind. 20, 5 Am. St. 578; *Ohio, etc., R. Co.* v. *Pearcy* (1891), 128 Ind. 197.

5. Appellant was engaged in a hazardous undertaking, and that hazard was open, obvious and apparent to him. It entered into and became an integral part and an essential element of his contract of employment, and he assumed the risk of the danger incident thereto.

6. The rule that the master must provide a safe place

for his servant to work does not apply where the servant is engaged in making a dangerous place safe, and dangers incident to such employment are assumed. *Indiana, etc., Coal Co.* v. *Batey* (1904), 34 Ind. App. 16, and authorities cited.

In the case just cited the question under consideration is so aptly and forcibly stated that we quote the following: "The deceased was in the line of his duty. He assumed the risk ordinarily incident thereto. It would seem to be a contradiction in terms, where the work to be performed was known by the employe to make a dangerous place safe, to say that the hazards reasonably incident thereto were not assumed. The liability of loose slate in the roof of a coal mine to fall upon slight disturbance is a matter of common observation." See, also, *Dickason Coal Co.* v. *Peach* (1903), 32 Ind. App. 33; *Island Coal Co.* v. *Greenwood* (1898), 151 Ind. 476; *Dickason Coal Co.* v. *Unverferth* (1903), 30 Ind. App. 546.

In considering the rule which requires the master to exercise ordinary care to provide a reasonably safe place in which the servant may perform his service, Judge Sanborn, of the Circuit Court of Appeals, for the eighth circuit, in the case of *Finalyson* v. *Utica Mining, etc., Co.* (1895), 67 Fed. 507, used the following language: "But this rule can not be justly applied to cases in which the very work the servants are employed to do consists in making a dangerous place safe, or in constantly changing the character of the place for safety as the work progresses. * * * The servant assumes the ordinary risks and dangers of his employment that are known to him, and those that might be known to him by the exercise of ordinary care and foresight. When he engages in the work of making a place that is known to be dangerous, safe, or in a work that in its progress necessarily changes the character for safety of the place in which it is performed as the work progresses,

the hazard of the dangerous place and the increased hazard of the place made dangerous by the work are the ordinary and known dangers of such a place, and by his acceptance of the employment the servant necessarily assumes them."

7. Under the facts disclosed by the evidence, and the rules of law declared in the several cases cited, appellant wholly failed to make out his case under either paragraph of his complaint. Under the undisputed facts, the question as to whether appellant assumed the risks of his employment was a question of law for the court to determine, and in such case the trial court is authorized to direct a verdict.

8. In the case we are considering there is no evidence to support appellant's cause of action as stated in his complaint, and, this being true, there was no error in giving the peremptory instruction. *Baltimore, etc., R. Co.* v. *Spaulding* (1898), 21 Ind. App. 323; *Green* v. *Eden* (1900), 24 Ind. App. 583; *Dunnington* v. *Syfers* (1901), 157 Ind. 458; *Williams* v. *Resener* (1900), 25 Ind. App. 132; *Oleson* v. *Lake Shore, etc., R. Co.* (1896), 143 Ind. 405, 32 L. R. A. 149.

Judgment affirmed.

ROBY, J.—I concur, upon the ground that one fact essential to appellant's recovery was not established.