## SHOTTS v. McKINNEY.

[No. 5,886. Filed November 22, 1906.]

1. APPEAL.—*Instructions.*—*How Made Part of the Record.*—In order to make instructions a part of the record on appeal it must affirmatively appear that such instructions were filed with the clerk. p. 102.

2. SAME. — *Instructions.* — *Refusal to Give.*— *Presumptions.* — Where the record fails to show affirmatively that the instructions set out were all that were given, the presumption is that a refused correct instruction was covered by one given. p. 102.

3. EVIDENCE.—*Cross-Examination.*—*Credibility of Witnesses.*— *Questions Affecting.*—*Discretion of Court.*—It is within the sound discretion of the trial court, to be exercised with caution, to permit a party on cross-examination to be asked, as a preliminary question affecting his credibility, whether he was the same party who, in a former suit in court, swore that he did not execute the note involved in such case. p. 103.

4. SAME.—*Credibility of Witnesses.*—*Facts Tending to Disgrace.* —*Discretion of Court.*—It is within the sound discretion of the trial court whether a witness, upon cross-examination upon a collateral matter, may be compelled, over his claim of privilege, to answer a question tending to his disgrace, as affecting his credibility. p. 104.

From Superior Court of Tippecanoe County; *Henry H. Vinton,* Judge.

Action by Ira A. Shotts against Joseph A. McKinney. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*Charles E. Thompson* and *Harry M. Snideman,* for appellant.

*Stuart, Hammond & Simms,* for appellee.

ROBINSON, C. J.—Appellant sued to recover damages for an injury resulting from alleged negligence of appellee. The jury returned a verdict for appellee, upon which judgment was rendered. Overruling appellant's motion for a new trial is assigned as error. The only questions argued

by appellant's counsel are, the court's refusal to give instructions two and three, requested by appellant, and requiring appellant, over objection, to answer a certain question while testifying as a witness.

Appellee's counsel argue that no question is presented by the refusal of the court to give these instructions, for the reason that no proper exception was taken to such 1. refusal; that the instructions do not appear to have been filed with the clerk; and that the record does not disclose that the instructions set out in the record were all the instructions given. No attempt has been made to bring the instructions into the record by a bill of exceptions. An entry recites: "And the court now places on file its instructions given to the jury in this cause, said instructions reading as follows." This is followed by the instructions given by the court. At the close are exceptions to the giving of certain of these instructions. Immediately following is a copy of three instructions requested by appellant, but with nothing to show that they were ever filed with the clerk. *Riley* v. *Allen* (1900), 154 Ind. 176. Immediately following this, with the words "Filed January 9, 1905, Quincy A. Earl, clerk" at the top of the page, is a copy of the instructions requested by appellee, with nothing to indicate whether any or all of them were given. There is no showing that certain instructions were given to the jury, and that such instructions were all the instructions given.

The instructions requested by appellant were not properly a part of the record. They have not been brought into the record by any of the methods required by statute. Moreover, the rule is well settled that where the record fails to disclose that the instructions set out were 2. all the instructions given, no error can be predicated upon the court's refusal to give a requested instruction, for the reason that, although the requested instruction may have been a proper one, it may have been covered by other instructions that were given. *New York,*

*etc., R. Co.* v. *Hamlet Hay Co.* (1898), 149 Ind. 344; *Baltimore, etc., R. Co.* v. *Conoyer* (1898), 149 Ind. 524; *Wilson* v. *Johnson,* 145 Ind. 40.

While testifying as a witness, appellant was asked, on cross-examination: "Are you the Ira Shotts that had a lawsuit in this court some time since, where you swore you did not execute a note to Zack Mahorney?" An objection, on the ground that it was not cross-examination, was not an impeaching question, and was an attempt to cast a reflection upon the witness, and was not asked for the purpose of establishing any question touching the merits of the case, was overruled. When the objection was overruled the witness answered: "Well, the question is immaterial, honorable court. In the first place, I did not execute the note, and in the second place, Zack Mahorney—[by counsel] You may answer the question. A. I am the same fellow Zack Mahorney sued." Questions like the above should not, as a rule, be permitted by the trial court, unless it be shown or is manifest that the question is asked for some proper purpose. The question asked would not necessarily tend to disgrace the witness, and it is clear that the question is only preliminary. Even when the witness had answered the question nothing had been said that necessarily discredited him. The fact inquired about was collateral and wholly irrelevant to any issue before the court, and had it necessarily tended to disgrace the witness he could have claimed his privilege, but even then it seems it would have been within the discretion of the court to permit the question if the examination would materially assist the jury in forming an opinion as to the credibility of the witness. *City of South Bend* v. *Hardy* (1884), 98 Ind. 577, 49 Am. Rep. 792. It was proper in the cross-examination to show such facts as would affect the credibility of the witness. The question asked the witness was not necessarily an improper question preliminary to going into that matter. We

think it was within the sound discretion of the court to permit the question as a preliminary one. See *Barnett* v. *Feary* (1885), 101 Ind. 95; *Spencer* v. *Robbins* (1886), 106 Ind. 580; *Houk* v. *Branson* (1897), 17 Ind. App. 119.

"If the cross-examination," said the court in *City of South Bend* v. *Hardy, supra,* "tends merely to disgrace the witness, but relates to a collateral and independent fact, and goes clearly to the credit of the witness, whether in such case he has the privilege to decline or not, the matter so far rests in the discretion of the trial court that in the absence of a claim of privilege, if the question relates to a matter of recent date and would materially assist the jury or the court in forming an opinion as to his credibility, the court will usually require an answer, over the objection of counsel, but may sustain an objection."

Judgment affirmed.