GRAND RAPIDS AND INDIANA RAILWAY COMPANY *v.*
TURNER.

[No. 9,567. Filed December 20, 1918.]

1. MASTER AND SERVANT.—*Injuries to Servant.—Railroad Collision.*
   *—Negligence.—Evidence.—Sufficiency.*—In an action against a
   railroad company for personal injuries sustained by a railroad
   brakeman in a train collision, evidence showing that after defend-
   ant's train, on which plaintiff was employed, was signaled by
   those in charge of another train of defendant to move from the·
   main track onto a siding, and, before it had cleared the main
   track, the other train was 'moved forward and collided with
   plaintiff's train, was sufficient to entitle plaintiff to the benefit
   of an inference of negligence, even though there was no positive
   evidence of negligence on the part of any particular person for
   whose acts defendant was responsible. p. 103.

2. APPEAL.—*Review. — Instructions. — Identification. — Signing by
   Judge.—Statute.*—Where none of the instructions given or re-
   fused were signed by the trial judge, as required by §561 Burns
   1914, Acts 1907 p. 652, such omission of the proper identification
   leaves no question before the court as to the instructions. p. 103.

3. TRIAL.—*Hypothetical Question.—Error in Overruling Objection.*
   *—Cure by Instruction.*—If a sufficient basis was not established
   for opinion evidence, and the court permitted a witness to answer
   a hypothetical question over an objection that the hypothesis
   of the question had not been shown to exist, and a motion to
   strike out the answer on the same ground was overruled, the
   proper remedy was by request for an instruction that the value
   of the opinion expressed depended on proof of the facts assumed
   in the question. p. 104.

From Randolph Circuit Court; *Benj. F. Marsh,*
Special Judge.

Action by Nim Jacob Turner against the Grand
Rapids and Indiana Railway Company. From a
judgment for plaintiff, the defendant appeals. *Af-
firmed.*

*Macy, Nichols, Goodrich & Bales,* for appellant.

*W. G. Parry, Ernest Dunn* and *Bert Woodbury,* for appellee.

HOTTEL, J.—This is an appeal from a judgment recovered by appellee on account of personal injuries sustained by him while in the employ of appellant as a railroad brakeman. The only assignment of error relied on challenges the action of the circuit. court in overruling appellant's motion for a new trial, and under this assignment the contention is first made that the evidence is insufficient to sustain the verdict of the jury.

It appears from the evidence that, at the time of the accident which resulted in his injury, appellee was acting as a brakeman on a south-bound freight train operated over appellant's line of railroad near the city of Winchester; that, when said train reached a point near the corporate limits of said city, he discovered another freight train operated by appellant, north bound, standing on the main track of said railroad and near a siding switch; that the employes in charge of said north-bound train signaled the crew of the south-bound train, including appellee, to enter the said siding switch to permit the passing of the two trains; that appellee, from his position as head brakeman on the south-bound train, gave to the engineer of said train the proper signal to enter said siding, and said south-bound train was thereupon moved in and onto said siding switch; that, before the south-bound train had cleared the main track, the north-bound train was moved forward and collided therewith in such a manner as to throw appellee from his position on one of appellant's freight cars to the ground, with the resulting injury of which he here complains. These

facts may be taken as fully established by the proof, but appellant asserts that there is no evidence tending to show through whose negligence the north-bound train was moved forward, and that this failure of proof renders the verdict of the jury contrary to law.

Assuming without conceding that there is no positive evidence tending to show negligence on the part of any particular employe of appellant or other

1. person for whose acts it was responsible, the fact yet remains that the collision was caused by the movement of appellant's north-bound train under circumstances which charged the employes thereon with knowledge of the position of appellee's train and with the duty of so operating their train as not to injure employes or other persons on the south-bound train. This showing entitled appellee to the benefit of an inference of negligence which arose from appellant's failure otherwise to explain the movement of its north-bound train, and that inference serves to sustain the verdict of the jury. *Chicago, etc., R. Co. v. Vester* (1911), 47 Ind. App. 141, 152, 93 N. E. 1039; *Pittsburgh, etc., R. Co. v. Hoffman* (1914), 57 Ind. App. 431, 450, 107 N. E. 315; *Indianapolis St. R. Co. v. Darnell* (1904), 32 Ind. App. 687, 694, 68 N. E. 609.

Complaint is next made of the giving and refusal of certain instructions, but an examination of the record discloses that none of the instructions given

2. or refused are signed by the trial judge. It is provided in §561 Burns 1914, Acts 1907 p. 652: "That all instructions requested shall be plainly written and numbered consecutively and signed by the party or his counsel. The court shall indicate, before instructing the jury, by a memorandum in writing at the close of the instructions so requested,

the number of those given and of those refused, and such memorandum shall be signed by the judge. All instructions given by the court of its own motion shall be in writing when either party has requested that the court instruct the jury in writing in the cause before the commencement of the argument thereof, and when given in writing shall be numbered consecutively and signed by the judge." These provisions are mandatory (*Cleveland, etc., R. Co. v. Powers* [1909], 173 Ind. 105, 123, 88 N. E. 1073, 89 N. E. 485), and the omission of the proper identification in this case leaves no question before the court as to the instructions.

It is next contended that the damages assessed by the jury are excessive, but we see nothing in the case which indicates that the jury was actuated by prejudice, partiality or corruption. In that view of the record, the decision of the jury is conclusive.

Finally, it is asserted that the trial court erred in certain rulings relative to the admission of evidence. The witness James Spade was permitted, over

3.  appellant's objection, to answer the following question: "Mr. Spade, if, as you have described to the jury, a crossing was cut by the northbound train, and the engine was pulled forward, which is to the north, and stopped at a point which is in the clear, and then afterwards the engineer would be given a signal to back up, with the engine in the forward motion, and he would apply the steam without changing the lever, what would happen?" Objection was made to this question on the ground that its hypothesis had not been shown to exist, and a similar contention was made in support of a motion to strike out the answer that "the engine would go

ahead." If a sufficient basis for this evidence was not established, the proper remedy lay in a request for an instruction to the effect that the value of the opinion expressed by the witness depended on proof of the facts assumed in the question which was propounded to him. Such an instruction would cure the error, if any, in the question stated. *Thomas* v. *Dabblemont* (1903), 31 Ind. App. 146, 149, 67 N. E. 463.

Other objections to the admission of evidence are of a character not sufficient to require their detailed consideration, since the error, if any, in the rulings thereon, would not justify a reversal of the judgment below. §407 Burns 1914, §398 R. S. 1881; *Romona Oolitic Stone Co.* v. *Weaver* (1912), 49 Ind. App. 368, 375, 97 N. E. 441.

No reversible error appearing, the judgment of the trial court is affirmed.

Dausman, C. J., Batman and Felt, JJ., concur; Caldwell and Ibach, JJ., not participating.