CATHCART *v.* BREWER, GUARDIAN.

[No. 9,844. Filed May 29, 1919.]

1. APPEAL.—*Briefs.*—*Waiver of Error.*—Questions presented in a motion for new trial are waived where appellant fails to state in his brief any proposition or authorities to sustain them. p. 306.

2. APPEAL.—*Review.*—*Ruling on Motion for New Trial.*—*Specifications.*—*Sufficiency.*—A specification in a motion for new trial that "the verdict of the jury is contrary to law and the evidence," is not a ground for new trial under the statute and presents no question for review. p. 306.

3. APPEAL.—*Review.*—*Ruling on Motion for New Trial.*—*Specifications.*—*Instructions.*—*Exception in Gross.*—*Availability.*—Where

defendant specified, as a ground for new trial, that the court erred in giving instructions Nos. 1 to 25, and in giving each of such instructions, an exception that "to the giving of said instructions the defendant excepts," was in gross and not available, in the absence of any claim that all of the instructions were bad. p. 306.

4. APPEAL.—*Briefs.—Presenting Questions for Review.—Competency of Witness.*—Appellant's contention that the court erred in permitting a witness to testify cannot be sustained, where appellant's brief fails to show that any objection was made to the witness testifying, that the court made any ruling in relation thereto, or that any exception was taken. p. 307.

5. APPEAL.—*Record.—Instructions.—Authentication.*—Where instructions tendered by appellant are not authenticated in any manner as required by the statute, they have no legitimate place in the record, and are not presented for consideration on appeal. p. 307.

From Orange Circuit Court; *Bayless Harvey,* Special Judge.

Action by Jonas E. Brewer, guardian of Mary C. Hagaman, a person of unsound mind, against John M. Cathcart. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Elliott & Houston* and *Arthur McCart,* for appellant.

*James M. Tippen, Buskirk & Buskirk* and *Wilbur W. Hottel,* for appellee.

McMAHAN, J.—This was an action by the appellee, as guardian of Mary C. Hagaman, a person of unsound mind, against appellant for defrauding and cheating appellee's ward in the sale and exchange of certain real estate and personal property. There was a trial by jury, which resulted in a verdict and judgment against appellant. The appellant filed a motion for a new trial, which was overruled, and he appeals, assigning the overruling of said motion as error.

All questions presented in the motion for a new trial are waived except specifications Nos. 4, 7, 8 and 9, by reason of the failure of appellant to state any proposition or any points to sustain them.

The fourth specification in the motion for a new trial is that "the verdict of the jury is contrary to law and the evidence." This specification for a new trial is not known to the statute, and therefore does not present any question. *Jennings* v. *Ingle* (1905), 35 Ind. App. 153, 73 N. E. 945.

The seventh specification is that the court erred in giving to the jury, at the request of appellee, instructions Nos. 1 to 25, and that the court erred in giving each of these instructions.

Appellant in his brief contends that the court erred in giving each of said instructions Nos. 2, 7, 8, 17 and 18. No objection is made to the other twenty instructions so given by the court. Appellee has called our attention to the fact that the exception taken to the giving of the instructions was a joint exception. The record relative to appellant's exception reads as follows: "Of said instructions so tendered the court gave instructions numbered from one to twenty-five, both inclusive, and to the giving of said instructions the defendant excepts."

This exception was in gross as to all of said instructions Nos. 1 to 25, and to be available all must be bad. It not being claimed that all of them are bad, appellant's exception is not available. *Inland Steel Co.* v. *Smith* (1907), 168 Ind. 245, 80 N. E. 538; *Kelly Atkinson Constr. Co.* v. *Munson* (1913), 53 Ind. App. 619, 101 N. E. 510.

The appellant next contends that the court erred in permitting the witness Mary C. Hagaman to tes-

tify. The appellant in his brief has failed to show that any objection was made to her testifying, or that the court made any ruling in relation thereto, or that any exception was taken. If any objection was made to this testimony, which was overruled, and an exception saved, Rule 22 requires that appellant's brief shall contain a concise statement of so much of the record as fully presents every error and exception relied on, referring to the pages and lines of the transcript. As said by the Supreme Court in *Inland Steel Co.* v. *Smith, supra*: "It has been uniformly held by this court that, whenever appellant fails to specify the page and line where the ruling excluding or admitting evidence may be found, the court will not search the record to find it, but will disregard any such question."

It is also contended that the court erred in refusing to give instruction No. 4 tendered by appellant. Appellee insists that no exception was reserved to such refusal, for the reason that the appellant has failed to make the instructions tendered by him a part of the record. The instructions tendered by appellant are not authenticated in any manner as required by the statute; hence they have no legitimate place in the record, and are not presented for our consideration. *Muncie, etc., Traction Co.* v. *Black* (1909), 173 Ind. 142, 89 N. E. 845; *Indianapolis, etc., Transit Co.* v. *Walsh* (1909), 45 Ind. App. 42, 90 N. E. 138.

There being no error shown, the judgment is affirmed.