## AYRSHIRE COAL COMPANY *v.* WEST.

[No. 9,969. Filed November 21, 1919. Rehearing denied
January 30, 1920. Transfer denied March 10, 1920.]

1. APPEAL.—*Review.—Verdict.—Complaint.*—Where there are several paragraphs of complaint stating substantially the same cause of action, a verdict for plaintiff will stand if the evidence is sufficient to establish one of the paragraphs. p. 702.

2. APPEAL.—*Review.—Waiver of Error.*—Where appellant in its brief states that it does not desire to discuss any questions except those arising under the assignment of error that the court erred in overruling the motion for a new trial, all questions with reference to the sufficiency of paragraphs of complaint presented by error assigned on the overruling of demurrers thereto are waived. p. 703.

3. APPEAL. — *Review.— Instructions.— Brief.—* Where appellant's brief does not show that purported instructions set out therein as given or refused were signed by counsel or trial judge, or that the purported instructions set out were all the instructions given, or that they were made a part of the record either by an order-book entry or by a bill of exceptions, no question is presented for review as to the giving or refusing of instructions. p. 703.

4. MASTER AND SERVANT.—*Injuries to Servant.—Contributory Negligence.—Workmen's Compensation Act.*—Under §10 of the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), an employer electing not to operate under the act cannot make the defense of contributory negligence in actions to recover for the injury or death of employes. p. 704.

5. MASTER AND SERVANT.—*Injuries to Servant.—Negligence.— Proof.—Res Ipsa Loquitur.*—In an action against the master for the wrongful death of a servant, evidence showing that a mine employe was killed when crushed by a runaway coal car which was released when a coupling link broke near the weld, and that it was not unusual for one or two of such links to break within a week, made out a *prima facie* case of negligence, and, on the failure of defendant to offer any evidence in contradiction or explanation, the doctrine of *res*

*ipsa loquitur* became applicable, and defendant stood convicted of negligence.  p. 704.

From Vanderburgh Superior Court; *F. M. Hostetter,* Judge.

Action by Annie West against the Ayrshire Coal Company.  From a judgment for plaintiff, the defendant appeals.. *Affirmed.*

*Embree & Embree,* for· appellant.

*Robinson & Stilwell,* and *Ensle & Covert,* for appellee.

NICHOLS, P. J.—This action, commenced in the Gibson Circuit Court by appellee against appellant, was on change of venue tried in the Vanderburgh Superior Court.

The complaint was originally in six paragraphs: The third paragraph was dismissed at the trial and demurrer was sustained to the fourth and fifth paragraphs.  There was an answer in general denial to the first, second and sixth paragraphs of the complaint, upon which paragraphs the cause was submitted to the jury, which returned a verdict of $2,500 in favor of the appellee, upon which verdict, after motion for a new trial was overruled, judgment was rendered. From this judgment, this appeal.

The errors assigned are:  That the court erred in overruling the demurrer to the first paragraph of the complaint; in overruling the demurrer to the second paragraph of the complaint; in overruling the demurrer to the sixth paragraph of the complaint; and in overruling appellant's motion for a new trial.

The first paragraph of complaint avers in sub-

stance that defendant was, at the time of the accident complained of, engaged in the business of mining and operated a mine at Ayrshire, Indiana, known as mine No. 7, employing a number of men. More than thirty days prior to the accident complained of, appellant by proper and statutory notice excepted itself from the provisions of the Workmen's Compensation Act. Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918. The mine consisted of a vertical shaft about fifty feet deep extending from the bottom of which was a tunnel or main entry; from this main entry smaller entries were excavated as the developments of the mine demanded, and from these smaller entries there were so-called "rooms" made by the removal of the coal. There was an electric trolley railroad constructed through the main entries upon which electric motors were used to draw the coal cars. In the operation of such electric line, trains consisting of one motor and one or more cars, as the occasion demanded, were used, with one man to operate such motor and to make all connections and couplings of all coal cars therewith; that assisting said motorman one man, designated as a "trip rider," was employed, whose duties were to throw all switches and obey all orders of the motorman. On February 14, 1916, appellee's decedent was employed in said mine No. 7 as a trip rider upon one of the mine trains which consisted of one loaded coal car and a motor, and immediately before the accident the said train was backing through one of the smaller entries of the mine, when, pursuant to the orders of the motorman, appellee's decedent went forward to throw or kick the switch, at which time the motor train was standing at a distance of

about 150 feet from said switch. The bottom of the entry sloped downward from where the train was standing to the switch and, when appellee's decedent signaled that the switch had been kicked, the motorman started his train rapidly down the grade pushing the coal car ahead of the motor, the coal car being coupled to the motor by an iron link, which link was unsound and too weak to stand the strain imposed upon said connection, which was known to the appellant. After the motorman had so started down the grade, he applied the brakes for the purpose of lessening the speed of the train, whereupon, because of the weakness of said link as aforesaid, it broke, thereby severing the connection of said coal car with said motor, whereupon said coal car rushed down upon said switch where appellee's decedent was standing at which place the distance between the rail of the track and the wall of the entry was less than two feet. Appellee's decedent attempted to escape impending danger because of said coal car by backing against the wall of the entry, but the car rushed down the track, over the switch, and crushed the decedent between it and the wall, by reason whereof he was badly injured; that he died February 23, 1916, solely as the result of said injury, which was caused by the negligence of the appellant as aforesaid. It is not necessary to state the substance of the second and sixth paragraphs of complaint, as the evidence sustains the allegations of the first paragraph and this is sufficient. *Toledo, etc., R. Co.* v. *Mylott* (1892), 6 Ind. App. 438, 33 N. E. 135.

In its brief, appellant states that it does not desire

to discuss any questions except those that arise under the assignment of error that the court erred

2. in overruling the motion for a new trial. By this statement appellant waives all questions with reference to the sufficiency of each of the paragraphs of the complaint upon which the case was tried.

In its motion for a new trial, appellant alleges error of the court in giving certain instructions requested by the appellee, in giving certain in-

3. structions on the court's own motion, and in refusing to give certain instructions tendered by appellant. Appellant in its brief sets out certain instructions purported to have been given by the court at the request of the appellee, and certain instructions purported to have been given upon the court's own motion, and also certain instructions purported to have been tendered by appellant and refused by the court. However, it does not appear by the brief, which we assume to be a correct statement of the record, which this court will not search to reverse a case, that any of these purported instructions were signed by counsel or by the trial judge, or that the purported instructions set out were all of the instructions given, or that they were made a part of the record either by an order-book entry or by a bill of exceptions. With this condition of the record, no question is presented for our consideration as to error in the giving or refusing of instructions. *Shotts* v. *McKinney* (1906), 39 Ind. App. 101, 79 N. E. 219; *Supreme Tent, etc.* v. *Ethridge* (1909), 43 Ind. App. 475, 87 N. E. 1049; *Peterson* v. *Liddington* (1915), 60 Ind. App. 41, 108 N. E. 977; *Barker* v. *State* (1919),

188 Ind. 493, 124 N. E. 681; *Williams* v. *Pittsburgh, etc., R. Co.* (1918), 68 Ind. App. 93, 120 N. E. 46.

Appellant claims that the evidence was not sufficient to sustain the verdict, and contends earnestly, and at great length, that the decedent's negligence was the proximate cause of his death. But appellant had elected not to operate under the Workmen's Compensation Act, *supra*, and by §10 of that act, being §8020t Burns' Supp. 1918, appellant is not permitted to make the defense of negligence. It appears by the evidence that a link that coupled the coal car to the motor broke, thereby releasing the car and permitting it to run wild down the track at a high rate of speed, crushing the decedent; that it broke at the weld or close to it; and that the links sometimes broke one or two a week, and sometimes a week or two passed and none broke. With this evidence in the record, at the close of appellee's evidence, appellant offered no evidence whatever. Certainly a *prima facie* case of negligence was made by appellee and, by failing to offer any evidence in contradiction or explanation, the doctrine of *res ipsa loquitur* applies, and appellant stood convicted of negligence which resulted in the injury as charged in the first paragraph of the complaint. *City of Decatur* v. *Eady* (1917), 186 Ind. 205, 115 N. E. 577, 581, L. R. A. 1917E 242; *Knoefel* v. *Atkins* (1907), 40 Ind. App. 428, 81 N. E. 600; *Grand Rapids, etc., R. Co.* v. *Turner* (1918), 69 Ind. App. 101, 121 N. E. 295.; *Griffin* v. *Boston, etc., R. Co.* (1889), 148 Mass. 143, 19 N. E. 166, 1 L. R. A. 698.

The judgment is affirmed.