## GOLDBERG v. COFFMAN, ADMINISTRATOR.

[No. 11,051. Filed December 2, 1921.]

1. APPEAL.—*Review.—Ruling on Motion for New Trial.—Unauthorized Specifications of Error.*—A specification of error in a motion for new trial that the verdict of the jury is contrary to the law and the evidence, is not a statutory ground for new trial, and presents no question for review on an assignment of error in overruling the motion for new trial. p. 44.

2. APPEAL.—*Record.—Instructions.—Failure of Judge to Sign.*—The requirement of §558, cl. 6, Burns 1914, §533 R. S. 1881, and §561 Burns 1914, Acts 1903 p. 338, that the instructions shall be signed by the judge when it is desired to make them part of the record without a bill of exceptions, is mandatory, and the failure of the judge to sign instructions given of his own motion presents no question for review. p. 44.

3. APPEAL.—*Review.—Refusal of Instructions.—Failure to Incorporate Instructions Given into Record.*—Where the instruc-

tions given are not in the record, no question is presented on appeal concerning the refusal of tendered instructions, as they may have been covered by the instructions given. p. 44.

4. WITNESSES.—*Competency.—Action by Administrator.—Conversations with Daughter of Decedent.—Defendant's Competency.*—In an action by an administrator, testimony by defendant, a necessary party to the issue, concerning conversations with the daughter of decedent relative to matters during the lifetime of such decedent is inadmissible, under §521 Burns 1914, §498 R. S. 1881, on the ground that the daughter was the agent of decedent. p. 44.

5. WITNESSES.—*Competency.—Action by Administrator.—Transactions During Life of Decedent.*—In an action by an administrator, testimony by decedent's daughter to conversations in the presence of decedent did not render admissible testimony by defendant, a necessary party to the issue, to conversations with the daughter which took place at a different time and out of the presence of decedent. p. 44.

From Sullivan Circuit Court; *William H. Bridwell,* Judge.

Action by Philena Coffman against Aaron Goldberg, in which C. Ed. Coffman, administrator with the will annexed, was substituted after the death of the original plaintiff. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Walter F. Wood* and *C. D. Hunt,* for appellant.
*Lindley & Bedwell,* for appellee.

NICHOLS, J.—Action by Philena Coffman against appellant for rents claimed to be due under the terms of a lease by her to appellant, the stipulations of which we do not need to state.

During the pendency of the action in the trial court, Philena Coffman died, and appellee as administrator with the will annexed was substituted as plaintiff. There was a trial by jury which resulted in a verdict and judgment for appellee.

The only error assigned is the court's action in overruling appellant's motion for a new trial. Appellant's

first reason presented for a new trial is that the 1. verdict of the jury is contrary to the law and the evidence. This is not a statutory ground for a new trial and therefore presents no question. *Cathcart* v. *Brewer* (1919), 70 Ind. App. 304, 123 N. E. 358; *Jennings* v. *Ingle* (1905), 35 Ind. App. 153, 73 N. E. 945.

Appellant's second reason presented for a new trial is that the court erred in giving of its own motion each of certain instructions and in refusing to give 2. certain instructions tendered. It does not appear by the record that the instructions claimed to have been given by the court of its own motion were ever signed by the judge. The provisions of the statute for identification, cl. 6, §558 Burns 1914, §533 R. S. 1881, §561 Burns 1914, Acts 1903 p. 338, under which there was an attempt to make the instructions a part of the record are mandatory, and the failure of the judge to sign the instructions leaves no question on such instructions for this court. *Grand Rapids, etc., R. Co.* v. *Turner* (1918), 69 Ind. App. 101, 121 N. E. 295; *Cleveland, etc., R. Co.* v. *Powers* (1909), 173 Ind. 105, 123, 88 N. E. 1073, 89 N. E. 485. No question is therefore raised concerning tendered instructions, for 3. they may have been covered by the instructions given, which are not before the court. *Reynolds* v. *State* (1897), 147 Ind. 3, 12, 46 N. E. 31; *Ohio, etc., R. Co.* v. *Buck* (1892), 130 Ind. 300, 30 N. E. 19; *Shotts* v. *McKinney* (1906), 39 Ind. App. 101, 79 N. E. 219.

The only other question presented is as to whether it was error for the court to refuse to permit appellant to answer questions concerning conversations 4, 5. with Ella Coffman, daughter of the decedent. Appellant, being a necessary party to the issue, was clearly precluded from testifying to such conversations by §521 Burns 1914, §498 R. S. 1881, unless he

could be heard under the provisions of §523 Burns 1914, §500 R. S. 1881, upon the ground that Ella Coffman was agent of the decedent. She had testified to a conversation in the presence of the decedent. The conversations called for were not part of the conversation about which Ella Coffman had testified but were conversations which appellant claimed took place at a different time and out of the presence of the decedent, and though purporting to be on the same subject as the one given by Ella Coffman in the presence of the deceased, said witness had not testified to them. They were therefore properly excluded. *Kibler, Admr.,* v. *Potter* (1894), 11 Ind. App 604, 39 N. E. 525; *Guthiel* v. *Dow* (1912), 177 Ind. 149, 157, 97 N. E. 426.

There is no reversible error. The judgment is affirmed.