## MESSENGER v. THE STATE OF INDIANA.

[No. 18,730. Filed Dec. 13, 1898. Rehearing denied Feb. 21, 1899.]

CRIMINAL LAW.—*Misconduct of Bailiff.—Presumption.—Jury.*— It will not be presumed in the absence of evidence that an improper statement made to a juror by the bailiff was communicated by him to other members of the jury, and that it exerted such an influence over the jury as to cause them to return a verdict against defendant in a criminal cause more unfavorable to him than they otherwise would. *pp. 228-230.*

APPEAL AND ERROR.—*New Trial.—Misconduct of Bailiff.—Evidence.—Weight.*—Where evidence presented by affidavit in a motion for a new trial in a criminal cause on account of the misconduct of the bailiff in charge of the jury is conflicting, the weight and force is a matter for the determination of the trial court. *p. 230.*

NEW TRIAL.—*Misconduct of Bailiff.—Jury.* — *Waiver.* — *Criminal Law.*—Where the accused fails to interpose objections in regard to the alleged misconduct of a bailiff in charge of the jury while in consideration of their verdict in the trial of a criminal cause before the return of the verdict against him, without showing a sufficient excuse for such failure, it will be presumed that he acquiesced therein, and he will not be heard after the return of the verdict to make complaint for the first time relative to such misconduct. *p. 231.*

152 227
155 268
152 227
157 269
152 227
168 479

Messenger *v.* State.

From the Starke Circuit Court. *Affirmed.*

*Burson & Burson,* for appellant.

*William L. Taylor,* Attorney-General, *Merrill Moores* and *F. J. Vurpillat,* for State.

JORDAN, J.—Appellant was charged by indictment with the crime of murder in the first degree, and, upon a trial by jury, was convicted of murder in the second degree, and, over his motion for a new trial, judgment on the verdict was rendered that he be imprisoned for life in the state prison. The only error assigned in this appeal relates to the decision of the trial court in denying his motion for a new trial. His counsel, in their brief, urge but two reasons for reversal, namely: (1) Misconduct of the bailiff in charge of the jury, which conduct, it is alleged, prevented appellant from having a fair trial; (2) that the verdict of the jury is not sustained by sufficient evidence.

We are requested by the learned counsel appearing for appellant to examine and consider the evidence in connection with the alleged misconduct of the jury bailiff, in order that we may be better enabled to determine the question involved in this feature of the case. We have carefully read and considered the evidence, and, while it may be said that it is conflicting to some extent, still it amply sustains the judgment. The misconduct imputed to the bailiff in charge of the jury arises out of the alleged fact that, after the jury had retired to deliberate on a verdict, and after their deliberation had continued for a number of hours, a member thereof came from the court room, which the jury was then occupying, to the door of the room leading from the court room to the sheriff's office, and inquired of the bailiff for the judge of the court, stating at the time that the jury were unable to agree and that they desired to see the judge. It is claimed that the bailiff, who at the time was in the sheriff's office, in response to this inquiry, informed this juror "that the judge had said

that they would be a great deal older than they were before he would let them out, unless they agreed."

Appellant, in the lower court, endeavored to support the issue raised under his motion for a new trial, relative to the alleged misconduct of the bailiff, by the affidavit of his counsel, whose statements were based merely upon information and belief, and by the affidavits of Jesse F. and Albert Miller, who each claimed to have been in the sheriff's office at the time and overheard the conversation between the juror and the bailiff. The evidence presented by appellant by these several affidavits in support of the issue upon his part was controverted by the State by the affidavits of George H. Wenigar, the bailiff in question, and W. H. Harter, the sheriff. The latter states in his affidavit that he had no authority from the judge to carry any information to the jury, or to any member thereof, and that he did not request the bailiff to inform the juror what it was claimed by defendant that he did relative to keeping the jury together unless they agreed. The sheriff further deposed that, at the time it was alleged that the bailiff was communicating with the juror, that the door of the sheriff's office opening into the corridor was closed, and that neither he nor any other person in his office saw the juror, or heard what was said between the latter and the bailiff at the time of the conversation. Wenigar, the bailiff, states that he was in charge of the jury on the occasion in controversy; that on the afternoon of Saturday, January 8, 1898, when the jury was occupying the court room, he was called "by a knock on the door" leading from that room out into the corridor; that the juror did not request to see the judge, but simply stated to him that the jury could not agree; that all he said in response to this statement was, "The judge said you had to decide;" that no request was made by the juror that the judge be sent for; and that he, the bailiff, made the remark which he did of his own accord, without instructions from the judge to do so, and without request from the sheriff or any other person.

It is insisted that the communication which appellant claims was made to the juror must be presumed to have served in coercing the jury into returning the verdict which they did, and that, therefore, appellant was prejudiced thereby and is entitled to a new trial. There is a difference, or conflict, between the evidence presented to the trial court on the part of the appellant to support the issue involved and that given by the State to refute or rebut it. If the lower court considered the statements made by the sheriff and the bailiff as the more credible, under the circumstances, the question is reduced to the bare fact that the bailiff, without any direction from the judge or sheriff, and solely on his own account, informed the juror that the judge had said that the jury "had to decide." There is nothing which discloses that the remark, which the bailiff admits he made to the juror, which was not made in the presence or hearing of the other members of the jury, was ever communicated by this juror to any of his associates. To presume that it was so communicated by him, and that it exerted, or even tended to exert, such an influence over the jury as to cause them to return, under the evidence, a verdict against appellant more unfavorable to him than they otherwise would, would certainly be an unwarranted stretch of judicial presumption.

The evidence presented upon the question of the alleged misconduct, as we have said, was conflicting, and its weight and force, therefore, became a matter to be determined solely by the trial court. The latter, under the circumstances, had better opportunities and means of testing the credibility of the statements made by the several affiants, and thereby ascertaining the truth in regard to the matter under investigation, than we have; and, by overruling the motion for a new trial, the court in effect decided the issue raised adversely to the contention of appellant, and, there being evidence which fully sustains its decision upon that issue, we, in obedience to the well settled rule of appellate procedure, must abide by its ruling. See *Weaver* v. *State*, 83 Ind. 289; *Doles*

Messenger v. State.

v. *State*, 97 Ind. 555; *Keyes* v. *State*, 122 Ind. 527; *Smith* v. *State*, 142 Ind. 288; *Hauk* v. *State*, 148 Ind. 238.

Again, upon another view of the question, were it conceded that the alleged misconduct was of a character which might vitiate the verdict, still it is not disclosed whether or not appellant or his counsel obtained information in regard to such misconduct, before or after the return of the verdict. If appellant had knowledge before its return, it was manifestly his duty to make complaint to the court, and interpose his objections in due season, and not wait until the jury had returned what he might consider an unfavorable verdict, and then challenge it upon the ground of the alleged misconduct. If he had knowledge prior to the return of the verdict in regard to the alleged misconduct, he, at the first opportunity, certainly ought to have informed the court of the fact, in order that it might have an opportunity to remedy the harm done, if any, by an instruction to the jury, or, if it were deemed necessary under the circumstances, to withdraw entirely the submission of the case from the jury. Where a party fails to interpose seasonable objections in regard to alleged misconduct before a return of the verdict against him, without showing a sufficient excuse for such failure, it will be presumed that he acquiesced therein, and thereby waived his right to complain; and under such circumstances, he will not be heard, after the return of the verdict, to make complaint for the first time relative to such misconduct. *Waterman* v. *State*, 116 Ind. 51, and cases there cited; *Reed* v. *State*, 141 Ind. 116, and cases cited.

We discover no error in the record upon the questions presented, and the judgment is therefore affirmed.

Howard, J., concurs in result, but doubts the correctness of the holding as to bailiff's communication to the jury. He thinks that, if the case had been doubtful on the evidence, the judgment should be reversed for the misconduct of the bailiff.