## GOFF *v.* KOKOMO BRASS WORKS.

[No. 6,392. Filed May 13, 1909.]

1. TRIAL.—*Impaneling Jury.—Discretion of Court.—Appeal.*—The impaneling of a jury is left largely to the discretion of the trial court, an appeal lying only to correct abuses of such discretion. p. 644.

2. TRIAL.—*Jury.—Voir Dire Examination.*—Considerable latitude should be accorded to parties who are in good faith attempting, on their *voir dire* examination, to ascertain the competency of proposed jurors; but questions wholly irrelevant thereto should be excluded. p. 644.

3. TRIAL.—*Jury.— Voir Dire Examination.— Negligence.— Indemnity Insurance.*—In an action for damages, the court's refusal to permit plaintiff to inquire, on the *voir dire* examination of the jurors, as to their interest and relationship to the defendant's indemnifying insurance company, constitutes reversible error. *Annadall* v. *Union, etc., Lime Co.*, 42 Ind. App. 264, distinguished. p. 645.

From Howard Superior Court; *B. F. Harness,* Judge *pro tem.*

Action by Joseph Goff against the Kokomo Brass Works. From a judgment for defendant, plaintiff appeals. *Reversed.*

*B. C. Moon,* for appellant.
*John B. Joyce* and *Kirkpatrick & Morrison,* for appellee.

MYERS, J.—Action by appellant to recover damages for personal injuries alleged to have been sustained by him while in the service of appellee. The issues were formed by the complaint and answer of general denial. The cause was tried by a jury and a verdict returned for appellee. From a judgment in favor of appellee appellant has appealed to this court, assigning as error the overruling of his motion for a new trial.

The reasons assigned in support of the motion relate solely to the action of the court in sustaining the objections of appellee to certain questions, propounded by appellant to the persons called to act as jurors, touching their competency and qualifications so to act. These questions called for information as to whether they were acquainted with any of the officers or agents of the Travelers Insurance company, whether any of them ever had any business relations with that company, whether they were then or ever had been the agents or in the employ of that company, or whether they then were acquainted with any agent of that company? Preliminary to these questions appellant offered to introduce evidence to the court tending to show that the Travelers Insurance Company was interested in the result of the suit, and this offer was refused. A complete examination of each of the jurors upon his *voir dire* is made a part of the record by a bill of exceptions. Appellee contends that, the jury being accepted by appellant without making any peremptory challenge or objection to the competency of any juror, he there-

by waived any error that may have been committed in impaneling the jury.

From the objections made to the various questions propounded by appellant to each of the jurors, and from the rulings of the court as disclosed by the record, it appears that the court proceeded upon the theory that, as appellee was the only defendant of record, the latitude of appellant's inquiry did not extend to elicit the suggested information.

.The matter of impaneling a jury must, to a great extent, be left to the sound discretion of the trial court, and only in cases where an abuse of that discretion is clearly 1. shown will appellate tribunals disturb the judgment of that court. Courts of last resort having to do with questions, in principle, not unlike the one here presented, with almost one accord, have held that where 2. parties are acting in good faith considerable latitude should be allowed along lines touching the competency of persons called as jurors to act in the matter under investigation, as also for the purpose of furnishing a basis upon which the court and parties may proceed intelligently, to the end that a fair and impartial jury may be obtained. 2 Elliott, Gen. Prac., §507; *Epps* v. *State* (1885), 102 Ind. 539, 545; *Evansville Metal Bed Co.* v. *Loge* (1908), 42 Ind. App. 461; *Donovan* v. *People* (1891), 139 Ill. 412, 28 N. E. 964; *Shoots* v. *State* (1886), 108 Ind. 415; *Connors* v. *United States* (1895), 158 U. S. 408, 15 Sup. Ct. 951, 39 L. Ed. 1033; 24 Cyc., 341; *Stephenson* v. *State* (1887), 110 Ind. 358, 362, 59 Am. Rep. 216. The juror is, no less than a witness, obliged to disclose, upon his oath, true answers to such questions as may be asked touching his competency to serve as a juror in the case about to be tried (Thornton, Juries and Instructions, §128; *Burt* v. *Panjaud* [1878], 99 U. S. 180, 25 L. Ed. 451), and the court should exclude questions which are irrelevant, and would not, however answered, affect the juror's competency in the particular case, or which would tend to mislead or confuse a juror, or would,

as said in the case of *Chybowski* v. *Bucyrus Co.* (1906), 127 Wis. 332, 106 N. W. 833, 7 L. R. A. (N. S.) 357, clearly give "undue importance to the insurance company's connection with the case, since no such basis was necessary." *Howard* v. *Beldenville Lumber Co.* (1906), 129 Wis. 98, 108 N. W. 48; *Faber* v. *C. Reiss Coal Co.* (1905), 124 Wis. 554, 102 N. W. 1049; *Connors* v. *United States, supra;* 24 Cyc., 341.

In *M. O'Connor & Co.* v. *Gillaspy* (1908), 170 Ind. 428, it is said: "Parties litigant in cases of this class are entitled to a trial by a thoroughly impartial jury, and have a right to make such preliminary inquiries of the jurors as may seem reasonably necessary to show their impartiality and disinterestedness. In the exercise of this right counsel must be allowed some latitude, to be regulated in the sound discretion of the trial court, according to the nature and attendant circumstances of each particular case. The examination of jurors on their *voir dire* is not only for the purpose of exposing grounds of challenge for cause, if any exist, but also to elicit such facts as will enable counsel to exercise their right of peremptory challenge intelligently. Questions addressed to this end are not barred though directed to matters not in issue, provided they are pertinent, and made in good faith. It does not appear from the record that an accident or indemnity insurance company was in any manner interested in this action, but the laws of this State authorize the incorporation of companies for indemnifying employers against liability for accidental injuries to employes, and it is a matter of common knowledge that numerous companies are engaged in such insurance in this State."

In the case at bar the Travelers Insurance Company was not a party to the record, and for aught that appears from the complaint was not interested in the result of the 3. suit, but the record shows that appellant offered to introduce evidence to the court tending to show that it was present in court by hired counsel actively engaged in defending the action; and that it had issued a policy of in-

surance to appellee. This evidence was admissible only in the discretion of the court, and for its sole use in determining counsel's good faith in pursuing the inquiry. Therefore, meeting the question, does the record before us show an abuse of that discretion lodged with the trial court as will authorize this court to set aside the judgment? Limiting our inquiry to the particular information desired by appellant, as indicated by the questions propounded to each juror, and to which objections were sustained, it seems to us quite clear that the questions should have been answered. For, in case the insurance company was pecuniarily interested in the litigation, a person in its employ or otherwise interested in it, naturally would be more liable to be unduly influenced to grant an advantage on the side of his employer or in the protection of a private interest than one having a single purpose—returning a verdict according to the law and the evidence. In *Spoonick* v. *Backus-Brooks Co.* (1903), 89 Minn. 354, 358, 94 N. W. 1079, it is said: "That either litigant has the right to challenge for implied bias must, of course, be admitted, and we think it would be impossible to say, or for the court to hold in the exercise of its proper discretion, that any person connected with the indemnifying company as a stockholder or otherwise could be a proper person to sit as a juror in a case the result of which might be of pecuniary interest to such company. If the proposed juror was a stockholder or otherwise interested in such a company, his disqualification would seem to follow as a matter of law. If this be so, it is difficult to see upon what ground the court could refuse to permit counsel to ascertain the facts while impaneling the jury. It is no answer to this to say that the insurance company is not named as a party to the action, for the bias of the juror is not to be determined by this fact. Nor is it an answer to say that counsel may protect his client by using a peremptory challenge. It is his right first to learn the facts, and he must do so to exercise intelligently his right to challenge peremptorily. The

authorities all go to show that a very insignificant interest in the result of an action, and frequently a very trifling relationship to one of the parties, is sufficient to disqualify a person from sitting as a juror. In order to secure to litigants unbiased and unprejudiced jurors, we are compelled to hold that plaintiff's counsel had a right to ascertain whether there was such a relationship between the persons called as jurors and the insurance company, a corporation vitally interested in the result, which would disqualify these persons, because, by implication, they would be biased and prejudiced." And see *Block* v. *State* (1885), 100 Ind. 357; *Burnett* v. *Burlington, etc., R. Co.* (1884), 16 Neb. 332, 20 N. W. 280; *Ensign* v. *Harney* (1883), 15 Neb. 330, 18 N. W. 73, 48 Am. Rep. 344; *Martin* v. *Farmers, etc., Ins. Co.* (1905), 139 Mich. 148, 102 N. W. 656; *Hearn* v. *City of Greensburgh* (1875), 51 Ind. 119; *Terre Haute Electric Co.* v. *Watson* (1904), 33 Ind. App. 124; *Johnson* v. *Tyler* (1891), 1 Ind. App. 387; 2 Elliott, Gen. Prac., §§507, 514, 515; *Beall* v. *Clark* (1883), 71 Ga. 818.

The weight of authority affirms the right of parties to examine persons called as jurors on their *voir dire*, as counsel sought to do in this case. He was denied that right. The information indicated by the questions does not appear in the record as having been furnished in any other manner. Whether any or all of the jurors who tried the case had any interest in the insurance company, which counsel for appellant offered to show to the court was financially interested in the result of the litigation, nowhere appears. The action of the court in refusing to permit counsel for appellant to examine the persons called as jurors along the line suggested in this opinion was error, and, in the absence of a showing that it was harmless, entitles appellant to reversal of the judgment without first showing that some disqualified juror sat in the case. Our attention has been called to the case of *Annadall* v. *Union, etc., Lime Co.* (1908), 42 Ind. App. 264, as being decisive of the question here presented in favor of ap-

pellee.    The record in that case and the record in the case at bar present an entirely different question.    In the case just cited the question propounded to the jurors was held to be a proper one; but, in view of the record, the entire *voir dire* examination not being before us, the court was unable to say that prejudicial error was shown.

Judgment reversed.