## BEYER ET AL. v. SAFRON.

[No. 12,391.   Filed April 30, 1926.]

1. TRIAL.—*Litigants are entitled to trial by an impartial jury, determined by preliminary inquiries.*—Litigants are entitled· to a trial by a thoroughly impartial jury, and, to that end, have a right to make such preliminary inquiries of prospective jurors as may seem reasonably necessary to show them to be impartial and disinterested.   p. 513.

2. JURY.—*Disqualification by interest.*—A juror may be disqualified in an· action for injuries from negligence by having a pecuniary interest in an indemnity insurance company.   p. 513.

3. TRIAL.—*Examination of prospective jurors as to pecuniary interest in indemnity insurance company was not error in absence of showing that defendant carried such insurance.*—In an action for personal injuries resulting from the driving of an automobile, it was not error to permit the questioning of prospective jurors as to whether they were employed as agents of any insurance company that issued policies to indemnify defendants in damage cases, whether they were stockholders of such companies or were insured therein, in the absence of any attempt to show that the defendant in the case on trial carried such insurance (*Inland Steel Co.* v. *Gillespie,* 181 Ind. 633, and *Martin* v. *Lilly,* 188 Ind. 139, distinguished).   p. 515.

4. APPEAL.—*Refusal to give instructions will not be considered unless those given are set out in appellant's brief.*— Since the amendment of Rule 22 of the Supreme and Appellate Courts at the time of the adoption of the new rules in 1924, the refusal to give requested instructions will not be considered on appeal where the instructions given are not set out in appellant's brief.   p. 515.

5. NEGLIGENCE.—*Offered testimony of driver of automobile truck causing injury of reason for driving as he did held properly excluded under pleadings.*—In an action for injuries resulting

from negligence in attempting to drive a truck through a narrow space and bumping into a pile of railroad ties, thereby causing one of them to strike the plaintiff, there was no error in excluding offered testimony of driver that he thought there was sufficient space through which to drive the truck and would not otherwise have attempted to do so, there being no issue that the injury was willfully or purposely committed, notwithstanding allegation of extreme and wanton carelessness. p. 515.

From DeKalb Circuit Court; *William P. Endicott,* Judge.

Action by Mike Safron against Forest G. Beyer and others. From a judgment for plaintiff, the defendants appeal. *Affirmed.* By the court in banc.

*Fenton, Steers, Herbst & Klee, Link & McClintock* and *Hoffman, Shoaf & Hoffman,* for appellants.

*Ira M. Snouffer* and *Eggman, Reed & Cleland,* for appellee.

NICHOLS, C. J.—Action by appellee against appellants for injuries resulting from the alleged negligence of an agent and employee of appellants in attempting

1, 2. to drive their automobile through a space too narrow, thereby bumping into a pile of railroad ties causing one of the ties to strike appellee, thereby causing his alleged injuries. There was a trial by jury, which resulted in a verdict of $5,000 for appellee against appellants. The error assigned is the action of the court in overruling appellants' motion for a new trial, under which, appellants chiefly complain of the action of the court in permitting appellee's attorneys, in the examination of the prospective jurors, on their *voir dire,* to question them as to their relations with any insurance company issuing policies to indemnify defendants in damage cases, the questions, in effect, being as to whether such jurors were employed as the agents of such companies, whether they were insured in such com-

panies, whether any members of their family were acting as agents of such companies, whether they were stockholders of such companies, etc.   Questions of similar import were asked of each of the prospective jurors, over the objection of appellants' attorneys.   In such examination of jurors on their *voir dire*, or during the trial of the cause, appellee did not make any statement that appellants carried indemnity insurance, nor offer any evidence to that effect.   It does not appear by the record that appellants carried any indemnity insurance, in any amount, and the only suggestion of such insurance is found in the examination aforesaid of the jurors on their *voir dire* for the purpose, we must assume, of determining, as to their qualifications to sit as impartial jurors.   As was said in *O'Connor & Co.* v. *Gillaspy* (1908), 170 Ind. 428, 83 N. E. 738, litigants are entitled to a trial by a thoroughly impartial jury, and, to that end, have a right to make such preliminary inquiries of the jurors as may seem reasonably necessary to show them to be impartial and disinterested.   It is a matter of common knowledge that there are numerous companies engaged in such insurance, and that many of the citizens of the state are stockholders in one or more of them.   Such citizens may be called as jurors and if, at such time, they are such stockholders, or otherwise interested in any of such companies, their pecuniary interest might disqualify them to sit as jurors.   In *Goff* v. *Kokomo Brass Works* (1909), 43 Ind. App. 642, 88 N. E. 312, the judgment was reversed because the trial court sustained objections of the appellants to questions similar to the one here propounded.   Appellants rely confidently upon the case of *Martin* v. *Lilly* (1919), 188 Ind. 139, 121 N. E. 443.   It was there held that it is largely a question of good faith of the attorney in propounding his questions.   In that case, not only were the questions as to the prospective jurors' interest in

the American Automobile Insurance Company propounded, but, upon appellant's objection thereto, appellee offered to prove that the appellants had indemnity insurance, and that his attorneys were employed by the insurance company. It was rightly held that appellee's counsel was guilty of misconduct.

In *Inland Steel Co.* v. *Gillespie* (1914), 181 Ind. 633, 104 N. E. 63, appellee was not satisfied with propounding his questions for the purpose of testing the qualifications of the juror, but, in addition thereto, stated to the jury that the Travelers Insurance Company was making part of the defense in the case. The Supreme Court in that case held that it was not error to permit appellee's counsel to interrogate the jurors as to their possible connection with such insurance company but the gratuitous statements that the insurance company was making the defense constituted error.

In the instant case, appellee's attorneys confined themselves exclusively to questioning the jury as to their relation with any such companies. We

3. hold that reversible error was not thereby committed.

Appellants have undertaken to present error in the refusal to give certain instructions, but have failed to conform with the fifth clause of Rule 22 of the

4. Supreme Court, and this court, by setting out the instructions given. The substance of the instructions refused may have been given. No question on instructions is presented.

Appellants complain that the driver of the automobile was not permitted to testify that he would not have undertaken to drive his truck through the space

5. between the loose ties had he not thought there was sufficient space through which to take the truck without striking any object on either side, contending that the complaint charges appellants with "ex-

treme and wanton negligence and carelessness," but, as we read the complaint, it contains a charge of simple, plain negligence.   There is no attempt therein to charge that the act resulting in appellee's injury was willfully or purposely committed.   The question was one simply of ordinary care.   Such questions are always for the jury.   *Indianapolis St. R. Co.* v. *Seerley* (1904), 35 Ind. App. 467, 72 N. E. 169, 1034.

We find no reversible error.   Judgment affirmed.