FORT WAYNE CHECKER CAB COMPANY v. DAVIS.

[No. 13,426.   Filed March 29, 1929.   Rehearing denied October 3, 1929.]

*Samuel E. Cook* and *John V. Sees,* for appellant.

*Eggeman, Reed & Cleland* and *James P. Murphy,* for appellee.

NICHOLS, J.—Action by appellee against appellant to recover damages for injuries which he claimed were caused by the negligence of appellant in operating a

taxicab on a public street in the city of Fort Wayne.

Appellant appeared to the action and filed an application and affidavit for a change of venue from the county. The court then informed counsel it would be granted if there were no objections, and entered the application and wrote the word "granted" on the bench docket. The next day appellee's counsel appeared and stated that appellee would file written objections to the change, and thereupon the court struck out the word "granted." Appellee then filed his written objections. The court sustained said objections and overruled the application for a change.

The cause was submitted to a jury for trial and it returned a verdict for appellee for $7,000. Appellant filed its motion and reasons for a new trial. This motion was overruled. Judgment was rendered on the verdict against appellant, from which this appeal.

Appellant relies for reversal on errors of the court in overruling its motion for a new trial, and in permitting appellee's counsel to ask each juror on his *voir dire* as to his relationship to any insurance company engaged in writing liability insurance on automobiles or taxicabs, and in permitting such juror to answer such questions. Appellant also presents that the damages are excessive.

It appears that when the motion for a change of venue was filed, the court informed counsel for appellant that said change would be granted if there were no objections by appellee; that counsel should get in touch with appellee's attorneys, and, if no objections were made, the motion would be granted, and thereupon the court wrote on the bench docket: "2-3-28. Defendant filed verified application for change of venue. Granted."

On the next day, February 4, 1928, appellee's attorneys appeared and stated that appellee objected to the granting of such motion, and would file written objections thereto. Thereupon, said court, in the presence

of attorneys for appellee and appellant, and in accordance with the understanding with appellant through its attorneys, struck out the word "granted," and informed said attorneys that appellee would be permitted to file his written objections to such motion.

On February 6, 1928, appellee presented and filed his written and verified objections to appellant's motion, by which it appears that summons was issued June 2, 1927, returnable June 13, 1927, and duly served on appellant. There was no appearance in due time by appellant, but, instead of defaulting appellant, as appellee might have done, he notified appellant on three separate occasions that if appellant desired to defend, it should procure counsel. On June 22, 1927, an appearance was entered by one Stamm, and the cause was then assigned for trial on October 12, 1927. Stamm continued to represent appellant until October 10, 1927. On October 11, 1927, appellant filed an affidavit for continuance, in which it was recited that, on October 10, 1927, Stamm had informed appellant that he would not represent it at the trial, and that, thereupon and immediately, appellant employed Chester L. Teeter, an attorney, to represent it, and said Teeter entered his appearance, but he knew nothing of the cause, and would have no time to familiarize himself with the fact and law applicable thereto in time for trial on October 12, 1927. Such affidavit for a continuance did not state any sufficient grounds for a continuance, and appellant's counsel so understood. It was then agreed between appellant's counsel and appellee's counsel that if appellee would agree to such continuance, appellant would not ask for a change of venue from the court or county, and agreed that the cause should be tried on the date set for its trial, to wit: November 7, 1927.

When said trial date approached, appellant again re-

quested of appellee a further continuance for the trial of said cause, and, by its attorney, in open court, agreed that if appellees would consent to further continuance and that the case might be set over for six or eight weeks, appellant would not ask a further continuance, nor for a change of venue from the court or county. As a matter of courtesy to counsel for appellant, and in consideration of such agreement, and for no other reason, appellee agreed to such continuance.

Appellee and appellant, each by counsel, at the time agreed that the cause should be set for trial February 7, 1928. The cause had then been pending on the trial docket for two months, of which fact appellant was personally informed. Appellant's attorney in open court, and in the presence of appellee's attorney, acknowledged that he had entered into the foregoing agreement, but stated that he had received notice from his client that a change of venue should be taken from the county. Appellee stated in his affidavit that he was informed and believed that the motion for the change of venue was not directed by appellant, but that appellant's counsel received his instructions to file such motion from the Republic Casualty and Insurance Company, insurance carriers, covering appellant, and that appellee's counsel was informed by appellant's counsel that he had received a telegram from such insurance company requesting that the change of venue be taken.

Appellee respectfully contends that it is unfair and a breach of faith on the part of counsel for appellant to file such motion for change of venue, and that public policy and due respect for the court demand that agreements made by counsel, in open court, on behalf of the court, should be respected and enforced. We hold that appellee's contention is well taken. This same question was presented in the case of *Terre Haute, etc., Co.* v. *Ward* (1913), 56 Ind. App. 155,

102 N. E. 395, 105 N. E. 58, and, after a full discussion of the matter, it was held that where an attorney representing a litigant enters into an oral agreement in open court with opposing counsel not to take a change of venue, if the opposing counsel agree to a continuance, and the continuance is had as the result of such agreement, the client is thereby bound, and precluded from the right to a motion for a change of venue thereafter. On the authority of that case, we hold that the court did not err in overruling appellant's motion for a change of venue, under the circumstances as disclosed by the affidavit. To the same effect, see, also, *Biehl* v. *Guaranty, etc., Co.* (1927), 86 Ind. 558, 155 N. E. 219; *M. O'Connor & Co.* v. *Gillaspy* (1908), 170 Ind. 428, 83 N. E. 738.

Appellee's counsel asked each prospective juror on his *voir dire,* the following respective questions: "Are you interested in, or own any stock in any insurance company engaged in writing liability insurance on automobiles or taxicabs?"; and, "Are you, or any members of your family, agents for any insurance company, writing contracts of indemnity against automobile accidents?" Proper objections were overruled to each of these questions, and appellant's motion to dismiss the jury on the same grounds that were made to the questions, was overruled. These rulings were presented as error. But this court, in *Beyer* v. *Safron* (1926), 84 Ind. App. 512, 151 N. E. 620, has fully discussed the principles here presented, reviewing numerous authorities pertaining thereto, and there held that there was no reversible error in permitting such an examination of prospective jurors on their *voir dire.* On the authority of that case, we hold that there was no error in permitting such examination.

Appellee was, at the time of his injury, 62 years of age, in good health, and earning $2,100 per annum,

traveling many miles per day as a mail carrier. Thereafter, he was unable to perform the duties of his employment, and was compelled to resign. He still suffers because of a broken ankle. We cannot say that $7,000 damages were excessive.

Judgment affirmed.

## ON PETITION FOR REHEARING.

NICHOLS, J.—Appellant, without denying that, by its attorney, it did, on October 10, 1927, two days before the case was set for trial before a jury, by its promise not to ask for a change of venue, obtain a continuance of the case, and again, as the trial approached on a like promise, it obtained another continuance, undertakes to avoid the force of its agreement made in good faith by its attorney, by contending that, under the provisions of §1039 Burns 1926, it is not bound thereby because it was not filed with the court or made a part of the minutes of the court. It is to be observed that each time the continuance was granted, there was no right thereto, and that it was granted in the discretion of the court, and by its indulgence. It is further to be observed that the affidavit for a change of venue was not filed until February 6, 1928, being the day before the case was, for the third time, set for trial. We assume that, at each of the three times, a jury had been summoned and that it was there at the expense of the county, ready for the trial. It appears that there was a total disregard of the convenience of the court and the expense to the county. The agreement was in the presence of the court. On it the court acted, thereby disarranging its trial docket and interfering with the orderly conduct of its business. As was said in *Terre Haute Brewing Co.* v. *Ward* (1914), 56 Ind. App. 155, 102 N. E. 395, 105 N. E. 58: "An attorney, in conducting an action, represents his client

in the management of the case, and he has implied authority to bind him by stipulations and agreements as to procedure. Such agreements affect the remedy merely and not the cause of action." The statute could not have been intended to apply to circumstances such as those here. Such dilatory tactics as these account for some of the delay with which the courts are charged. We have no patience with such a breach of good faith or attempted imposition on the indulgence of the court as here appears, and no inclination to give it quarter.

Rule 29 of the Supreme and Appellate courts provides that, on a petition for a rehearing, eight copies of the brief must be filed at the same time the petition is filed, and one copy shall at once be delivered by the clerk to each judge. The petition herein was filed May 2, 1929, but the briefs were not filed until May 10, 1929. The rule of the court was not complied with, and the petition for rehearing is, therefore, dismissed.